

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD .C. MANN
ATTORNEY GENERAL

Honorable B. A. Coe
County Attorney
Hardin County
Kountze, Texas

Dear Mr. Coe:

Opinion No. 0-2541
Re: Validity of Article 834 of
the Penal Code as amended
by H. B. No. 583, Regular
Session, 41st Legislature,
1929.

We beg to acknowledge receipt of your letter
of July 15, 1940, requesting an opinion as to the valid-
ity of Article 834 of the Penal Code, as amended by
House Bill No. 583, at the regular session of the 41st
Legislature (1929), your letter being in part as follows:

"Please furnish me, at your earliest con-
venience, with a departmental opinion concern-
ing the adoption by the Commissioners Court
of an order prohibiting the operation over
the county roads of vehicles with loads in
excess of 5000 pounds under the provisions
of Article 834, Vernon's Annotated Penal Code.

"In view of the questions which have
arisen, I deem it advisable to ask your depart-
ment for a ruling upon the constitutionality of
this article, since I am unable to find where it
has ever been construed either by the courts or
your department.

"Your attention is called to the fact that no
specific load limit is mentioned in the article,
but it gives to the Commissioners' Court, the
superintendent, or the State Highway Commission
the authority to regulate tonnage of trucks and
heavy vehicles over roads when, presumably in
their opinion, such use shall tend to rapidly
deteriorate or destroy the roads, bridges, and
culverts along any particular road."

Article 834 of the Penal Code, as it has been recently amended, is as follows:

"The Commissioners' Court of any county subject to this law acting upon their own motion, or through the Superintendent, where one is employed, or the State Highway Commission, shall have the power and authority to regulate the tonnage of trucks and heavy vehicles which by reason of the construction of the vehicle or its weight and tonnage of the load shall tend to rapidly deteriorate or destroy the roads, bridges and culverts along the particular road or highway sought to be protected, and notices shall be posted and shall state the maximum load permitted and the time such use is prohibited and shall be posted upon the highway in such places as will enable the drivers to make detours to avoid the restricted highways or portions thereof.

"If the owner or operator of any such vehicle feels himself aggrieved by such action, he may complain in writing to the County Judge of such county, setting forth the nature of his grievance. Upon the filing of such complaint, the County Judge shall forthwith set down for hearing the issue thus raised for a certain day, not more than three days later, and shall give notice in writing to such road official of the day and purpose of such hearing, and at such hearing the County Judge shall hear testimony offered by the parties respectively, and upon conclusion thereof shall render judgment sustaining, revoking or modifying such order theretofore made by the County Road Superintendent, and the judgment of the County Judge shall be final as to the issues so raised.

"If upon such hearing the judgment sustains the order of the County Superintendent, or the State Highway Commission, and it appears that any violation of same had been committed by the complainant since posting such notices, he shall be subject to the same penalty hereinafter provided for such offense as if same had been committed subsequent to the rendition of

such judgment made upon such hearing.

"Any party guilty of violating the provisions and directions of such order of the County Road Superintendent or State Highway Commission, after it has been so approved by such judgment of the County Judge shall be fined not exceeding Two Hundred Dollars."

Article 6 of the Penal Code provides:

"Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it cannot be understood, either from the language in which it is expressed, or from some other written law of the State, such penal law shall be regarded as wholly inoperative."

When tested by this general statutory rule of validity, we think Article 834 is wholly inoperative, because of its indefinite and doubtful meaning in the following respects:

1. Whether the power and authority to regulate the tonnage of trucks and heavy vehicles is conferred upon the Commissioners' Court either upon its own motion or acting through the Superintendent where one is employed, or the State Highway Commission, or is likewise independently conferred upon such Superintendent, and the State Highway Commission at the option of such Superintendent or State Highway Commission;

2. Whether or not the notices required by the statute are to be posted by the Commissioners' Court, the Superintendent of roads, or the State Highway Commission;

3. Whether or not the "road official" to whom notice in writing is required to be given with respect to any complaint by an aggrieved person to the County Judge, means the Superintendent of county roads, the State Highway Commission, or some other official;

4. Whether or not the judgment of the County Judge sustaining the order contemplates the order of the

Superintendent of roads, or the order of the State High-
way Commission, or the order of the Commissioners' Court
where the Commissioners' Court has acted upon its own
motion, (if it is authorized by the Act to make such or-
der upon its own motion);

     5. Whether or not the Article contemplates
penalizing one for an act violating a posted notice
prior to the order of the County Judge overruling his
complaint as to such order shown by the notice;

     6. Whether or not an act violating the order
of the Commissioners' Court, the Superintendent of roads,
or the State Highway Commission duly posted, is punish-
able even in the absence of complaint.

     We think the statute is so indefinitely framed,
and is of such doubtful construction, as to be insuffi-
ciently explicit to inform those who are subject to it
what conduct on their part will render them liable to
its penalties, and this seems to be the recognized test
of validity.

> Sportatorium, Inc. vs. State, 115 S. W.
>    (2) 483;
>
> Ex parte Wilmoth, 67 S. W. (2) 289;
>
> Brockery vs. State, 247 S. W. 808;
>
> Ex parte Humphrey, 244 S. W. 822;
>
> Graham vs. Hines, 240 S. W. 1015;
>
> Griffin vs. State, 218 S. W. 494;
>
> M. K. & T. Ry. Co. vs. State, 100 S. W.
>    766;
>
> Augustine vs. State, 52 S. W. 77;
>
> Connally vs. General Const. Co. (U.S.)
>    70 Law Ed. 322;
>
> 12 Tex. Jur. p. 226, § 17.

No citizen should be convicted of crime under a statute so wanting in definiteness and specificness as to the acts made penal therein.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 23, 1940

By

FIRST
ATTORNEY

Ocie Speer
Assistant

OS-MR


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN